Argued May 25, affirmed June 14, 1976

VAUGHN, *Appellant,*
*v.*
STATE ACCIDENT INSURANCE FUND,
*Respondent.*
(No. 13,884 E, CA 5760)
550 P2d 775

*Melvin L. Walter,* Ontario, argued the cause and filed the brief for appellant.

*Kevin L. Mannix,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before Schwab, Chief Judge, and Langtry and Lee, Judges.

LANGTRY, J.

**LANGTRY, J.**

Claimant appeals from an order of the circuit court remanding his claim to the State Accident Insurance Fund for the payment of further compensation in the form of psychological or psychiatric treatment and counseling but denying his request for extended temporary total disability benefits. The single issue raised is whether claimant's injury induced psychological problems effectively rendering him incapable of returning to gainful employment at this time. Both the referee and the Workmen's Compensation Board agreed that while further treatment would be required, claimant's condition would not prevent him from working during the period of that treatment. That conclusion is, we have found, supported by a preponderance of the evidence included in the record forwarded for our review. We agree with and adopt the referee's opinion and order which provides in relevant part:

"* * * * *

"Claimant has been examined and treated by a number of physicians and the following summarizes their opinions:

" '. . . [N]o one has been able to find a significant amount of objective pathology; there is not the slightest suggestion that this individual has an organic problem of significance to prevent his carrying on a normal work program. * * *' (Joint Exhibit A-34).

"* * * * *

"The psychological evidence indicates that claimant had a pre-injury disposition for hypochondriasis and that the injury provided the 'vehicle' for the expression of the hypochondriasis and the development of hysterical conversion (Joint Exhibit A-32). * * *

"* * * * *

"I find that claimant's underlying psychological problem was made symptomatic by the injury.

"I further find that claimant does not have any disability other than that caused by the psychological condition. * * *

"* * * * *

"It is noted that a primary purpose of the Workmen's Compensation Law is restoration of the workman, and I find that while there is nothing further to be done for claimant on a neurological or orthopedic basis, the evidence does indicate that the degree and/or the permanency of the psychological condition would be affected by treatment.

"Therefore, I find that the claim should be remanded for treatment of the psychological condition.

"Claimant does not contend that he is totally disabled. The evidence indicates that claimant does work, while not on a sustained basis. It is noted that claimant worked for two to three weeks at a time at several jobs and for five weeks at a job which he knew would last only five weeks. At the conclusion of this job, claimant was asked to work full-time which he declined to do and did not at the hearing specify with particularity why he could not work full-time.

"The evidence indicates that prior to the injury, claimant did not establish a stable nor a consistent work record. I find that apart from the limitations imposed by the psychological condition the evidence indicates that claimant is not motivated to gain and hold steady employment.

"I find that claimant is not unable to work; is not entitled to temporary total disability benefits, and that while he is not completely rehabilitated he can work, while time and counseling completes the healing process. °

"When claimant is declared stationary his permanent disability, if any, shall be determined.

"* * * * *."

Affirmed.